UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

IN RE: DePUY ORTHOPAEDICS, INC. )
ASR HIP IMPLANT PRODUCTS )  MDL No. 1: 10 md 2197
LIABILITY LITIGATION )
)
) **DePUY ORTHOPAEDICS, INC.**
) **ASR HIP IMPLANT PRODUCTS**
) **LIABILITY LITIGATION**

---

James McPhail

v.                                             **JURY TRIAL DEMAND**

---

Plaintiff(s),

-against-

DePUY ORTHOPAEDICS, INC., DePUY
INC., DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL,

Defendants

---

### ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION

1. Plaintiff, James McPhail states and brings this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter

entitled IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2197. Plaintiff is filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

### ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the Eastern District Court of the State of Virginia. Plaintiff states that but for the order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in the Eastern District Court of the State of Virginia. Therefore Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff, James McPhail, is a resident and citizen of Greenville, South Carolina and claims damages as set forth below.

4. Plaintiff was born on January 2, 1954.

5. ~~Plaintiff is filing this case in a representative capacity as the _____ of the _____~~ having been duly appointed as the _____ by the _____ ~~Court of _____~~. *[Cross out if Not Applicable]* A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.

Plaintiff claims damages as a result of:

_____x____ injury to herself/himself

_____ injury to the person represented

_____ wrongful death

_____  survivorship action

\_\_\_\_\_x\_\_\_\_\_  economic loss

_____x\_\_\_\_  loss of services

_____x\_\_\_  loss of consortium

## ALLEGATIONS AS TO INJURIES

6. Plaintiff was implanted with DePuy ASR hip implants on his right hip on or about October 16, 2008 at St. Francis Eastside Hospital, Greenville, South Carolina by Dr. Stephen R. Ridgeway.

7. On or about December 14, 2010, Plaintiff was made aware of the recall of his hip implant and suffered the following personal and economic injur(ies) as a result:

The Plaintiff has suffered and will continue to suffer in the future great pain, mental anguish, disfigurement and deformity; he has incurred and will in the future incur the expense of hospitalizations, physicians and other medical care as a result of said injuries; he has required numerous surgical operations as a result of the Defendants' conduct; he has been and will in the future be prohibited from the performance of his lawful affairs; he has in the past and will in the future suffer a significant diminution in the quality of his life; and he has been and will be in the future permanently disabled.

8. Plaintiff confirmed with his doctors that his hip was part of the DePuy recall.

9. Plaintiff(s) has suffered injuries as a result of implantation of the DePuy ASR hips implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

10. At the time of implantation with the ASR hip implant, the Plaintiff resided 89 N Warwick Road, Greenville, SC, 29617. The Plaintiff is scheduled for a revision surgery on June 19, 2014.

11. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12. The plaintiff could not have known that the injuries he/she suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and the plaintiff came to learn of the recall.

13. The plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work

14. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress *(if applicable)* and for economic loss as well as punitive damages.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

17. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference:

    ___x    FIRST CAUSE OF ACTION
           (NEGLIGENCE);

    __x_   SECOND CAUSE OF ACTION
           (NEGLIGENCE PER SE);

    ___x    THIRD CAUSE OF ACTION
           (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN)

    __x_   FOURTH CAUSE OF ACTION
           (STRICT PRODUCT LIABILITY-MANUFACTURING DEFECT);

\_\_x\_ FIFTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

\_\_\_x SIXTH CAUSE OF ACTION
(BREACH OF EXPRESS WARRANTY);

\_\_x\_ SEVENTH CAUSE OF ACTION
(BREACH OF WARRANTY AS TO MERCHANTABILITY)

\_x\_\_ EIGHTH CAUSE OF ACTION
(BREACH OF IMPLIED WARRANTIES);

\_\_x\_ NINTH CAUSE OF ACTION
(FRAUDULENT MISREPRESENTATION);

\_\_x\_ TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

\_\_x\_ ELEVENTH CAUSE OF ACTION
(NEGLIGENT MISREPRESENTATION);

\_x\_\_ TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

x\_\_\_ THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

\_x\_\_ FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

\_x\_\_ FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD)

\_x\_\_ SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

\_\_\_x SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

\_\_x\_ EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

\_\_\_ NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

__x_ TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES);

___x TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING);

___x TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE) – **SPECIFY THE STATUTE ALLEGED** _____

__x_ TWENTY-THIRD CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

PLAINTIFF(S) ASSERT(S) THE FOLLOWING ADDITIONAL STATE CAUSES OF ACTION:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and costs of suit; and

7. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

    Respectfully submitted
    Counsel for Plaintiff(s)
    /S/ Emily Mapp Brannon
    ebrannon@serpefirm.com
    The Law Offices of Richard J. Serpe, P.C.
    580 East Main Street, Suite 310
    Norfolk, VA 23510
    757-233-0009 (phone)
    757-233-0455 (facsimile)